Bradley Fisher, WSBA No. 19895
Rebecca Francis, WSBA No. 41196
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

Hon. Salvador Mendoza, Jr.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| STEPHEN BRADFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>KADLEC REGIONAL MEDICAL CENTER, a Washington Corporation; and Does 1 through 25 inclusive,<br><br>Defendant/Respondent. | No. 4:19-cv-05076-SMJ<br><br>DEFENDANT KADLEC REGIONAL MEDICAL CENTER'S ANSWER AND DEFENSES TO CLASS ACTION COMPLAINT, AND COUNTERCLAIM |

Defendant Kadlec Regional Medical Center ("Kadlec") answers Plaintiff's Class Action Complaint ("Complaint"), as follows:

1. Answering the allegations in Paragraph 1 of the Complaint, Kadlec admits that it is a 501(c)(3) Washington corporation, but otherwise denies all allegations in Paragraph 1.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2. Answering the allegations in Paragraph 2 of the Complaint, Kadlec admits that it has removed this case from the Benton County Superior Court to this Court under 28 U.S.C. § 1332(d), [Dkt. 1], and that this Court has personal jurisdiction over Kadlec, and venue is proper in this Court and division. Except as expressly admitted, Kadlec denies the allegations in paragraph 2.

3. Answering the allegations in Paragraph 3 of the Complaint, Kadlec admits Plaintiff received care from Kadlec's emergency department, and was billed for the services he received, but denies that he was charged a "Surcharge." Except as expressly admitted, Kadlec lacks sufficient information as to the truth or falsity of the remaining allegations in Paragraph 3 and on that basis, denies them.

4. Answering the allegations in Paragraph 4 of the Complaint, Kadlec admits it is a 501(c)(3) Washington corporation.

5. Kadlec lacks sufficient information as to the truth or falsity of the allegations in the first and last sentences of Paragraph 5 and on that basis, denies them. The second sentence of Paragraph 5 states no allegations to which a response is required, but to the extent a response is required, Kadlec denies that Plaintiff can satisfy the requirements for leave to amend.

6. Answering the allegations in Paragraph 6, Kadlec admits it uses a form entitled General Consent to Treatment and Conditions of Admission for patients admitted for hospital care, and admits that document speaks for itself.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Except as expressly admitted, Kadlec denies the allegations in Paragraph 6, and further responds that the allegations in Paragraph 6 misstate and mischaracterize the form.

7. Answering the allegations in the first sentence of Paragraph 7, Kadlec responds the General Consent to Treatment and Conditions of Admission speaks for itself. Kadlec denies the allegations in the first sentence of Paragraph 7 to the extent they misstate or mischaracterize the document. Kadlec denies the allegations in the second sentence of Paragraph 7.

8. Kadlec denies the allegations in the first sentence of Paragraph 8. Answering the allegations in the second sentence of Paragraph 8, Kadlec admits it charges a facility fee for emergency department services at five levels in the five amounts stated in Paragraph 8, but denies that this fee is an "undisclosed Surcharge." Except as expressly admitted, Kadlec denies the allegations in Paragraph 8.

9. Kadlec denies the allegations in Paragraph 9.

10. Kadlec denies the allegations in Paragraph 10, and further responds its website speaks for itself, and Kadlec denies the allegations in Paragraph 10 to the extent it misstates or mischaracterizes Kadlec's website.

11. Answering the allegations in Paragraph 11, Kadlec admits Plaintiff received care from Kadlec's emergency department on April 22, 2017, and signed

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the General Consent to Treatment and Conditions of Admission. Except as expressly admitted, Kadlec denies the allegations in Paragraph 11.

12. Answering the allegations in the first sentence of Paragraph 12, Kadlec admits the total charges for Plaintiff's hospital visit on April 22, 2017, were $7,845.10, and that Plaintiff received Kadlec's 30% self-pay discount, making his patient responsibility $5,131.57, of which he continues to owe $2,105.19. Except as expressly admitted, Kadlec denies all allegations in Paragraph 12.

13. Answering the allegations in Paragraph 13, Kadlec denies that it charges a "Surcharge," and otherwise lacks sufficient information as to the truth or falsity of the remaining allegations in Paragraph 13 and on that basis, denies them.

14. Answering the allegations in Paragraph 14, Kadlec admits Plaintiff seeks to certify a class in this case but denies that any class could or should be certified under Fed. R. Civ. P. 23.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

17.     The allegations in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec admits the allegations in Paragraph 17 put at issue more than 100 individuals under 28 U.S.C. § 1332(d)(5)(B), *see* Dkt. 1 ¶ 8, but otherwise denies the allegations and denies that any class could or should be certified under Fed. R. Civ. P. 23.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

22.     The allegations in Paragraph 22 require no response, but to the extent a response is required, Kadlec incorporates its responses to all other paragraphs in the Complaint as if stated here.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

23. The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

24. The allegations in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

25. The allegations in Paragraph 25 require no response, but to the extent a response is required, Kadlec incorporates its responses to all other paragraphs in the Complaint as if stated here.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

30. The allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Kadlec denies the allegations.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

35.    The allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

36.    The allegations in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Kadlec denies the allegations.

37.    Any allegations not admitted or otherwise addressed above are denied.

38.    Kadlec denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## DEFENSES

Kadlec sets forth its defenses below.  In doing so, Kadlec does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff.  Kadlec reserves the right to amend or supplement its defenses if and as additional defenses become known through investigation and discovery, including defenses that are properly asserted against the members of the putative class but that are presently unknown and unknowable.

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred by waiver, consent, and/or estoppel.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### Third Defense

Plaintiff's claims are barred in whole or in part by the terms of the applicable agreement between Kadlec and Plaintiff and/or those alleged to be members of the putative class.

### Fourth Defense

Plaintiff and/or others alleged to be members of the putative class have failed to mitigate their alleged injury, if any.

### Fifth Defense

The claims of others alleged to be members of the putative class are barred in whole or in part by the doctrines of accord and satisfaction, and novation.

### Sixth Defense

Plaintiff's alleged injury (if any) was caused in whole or in part by his own actions and/or the actions or inactions of another.

### Seventh Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighth Defense

Plaintiff's CPA claim fails because the challenged conduct was performed in good faith under an arguable interpretation of existing law.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## Ninth Defense

Plaintiff's CPA claim fails because it challenges acts or practices that are reasonable in relation to the development and preservation of business.

## COUNTERCLAIM

Kadlec asserts the following as its Counterclaim against Plaintiff (and similar claims against others alleged to be members of the putative class if a class is certified and those members come forward and assert claims against Kadlec in this case):

1. Kadlec incorporates its responses to all Paragraphs in this Answer as if fully stated here.

2. Plaintiff signed a General Consent to Treatment and Conditions of Admissions form, which stated, above the signature line: "I further understand that the patient is financially responsible for any charges not paid by a third party insurer/payer or other sources."

3. The total charges for Plaintiff's hospital visit on April 22, 2017, was $7,845.10. Kadlec gave Plaintiff a 30% self-pay discount, making his patient responsibility for the care he received $5,131.57. Plaintiff continues to owe $2,105.19 for this care, which includes interest.

4. Plaintiff again received care from Kadlec's emergency department on November 15, 2017. The total charges for Plaintiff's hospital visit on

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

November 15, 2017, was $4,195. Kadlec again gave Plaintiff a 30% self-pay discount. Plaintiff's patient responsibility for the care he received, after the discount, is $3,042.95, which includes interest and remains unpaid.

5. Kadlec reserves the right to amend its allegations regarding Counterclaims against other members alleged to be putative class members if and/or when those individuals come forward and assert claims against Kadlec in this case.

## First Counterclaim: Breach of Contract

6. Kadlec incorporates Paragraphs 1 through 5 of its Counterclaims as if fully stated here.

7. Plaintiff is in breach of his contractual obligation to pay Kadlec $5,148.14 for the care he received on April 22, 2017, and November 15, 2017, as well as ongoing interest, and costs and fees.

8. Other members of the putative class are also in breach of their contractual obligations to pay for the care they received, as well as interest, costs, and fees.

## Second Counterclaim: Quantum Meruit, Unjust Enrichment, and Quasi-Contract

9. Kadlec incorporates Paragraphs 1 through 8 of its Counterclaims as if fully stated here.

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

10. In the alternative, the doctrines of quantum meruit, unjust enrichment, and/or quasi-contract apply, because Kadlec incurred costs to provide the services Plaintiff received, reasonably expected Plaintiff to pay for those services, and Plaintiff has not paid for them.

11. Plaintiff is therefore in breach of his obligation to pay for the services he received and has been unjustly enriched at Kadlec's expense, and the circumstances are such that equity and good conscience require restitution.

12. Other members of the putative class are also in breach of their obligation to pay for the services they received and have been unjustly enriched at Kadlec's expense, and the circumstances are such that equity and good conscience require restitution.

## REQUEST FOR RELIEF

Kadlec requests the following relief:

A. That Plaintiff and the putative class take nothing by way of this Class Action Complaint, and that the Court dismiss the claims with prejudice;

B. That the Court deny any attempt to certify a class;

C. That the Court enter judgment in Kadlec's favor and against Plaintiff for $5,148.14, plus interests, costs, and fees, and, should a class be certified, against other members of the putative class for the amount they owe Kadlec for the care they receive and for which they have not paid. Alternatively, Kadlec requests

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that the Court enter judgment against Plaintiff and the other members of the putative class in an amount deemed to be appropriate;

D. That the Court award Kadlec prejudgment interest on the amount awarded under Paragraph C above, as well as costs;

E. That the Court award such other and further relief as it deems just and equitable under the circumstances.

DATED this 26th day of April, 2019.

Davis Wright Tremaine LLP
*Attorneys for Defendant Kadlec Regional Medical Center*

By *s/ Rebecca J. Francis*
Rebecca J. Francis, WSBA #41196
Brad Fisher, WSBA #19895
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 206-757-7700
Email: bradfisher@dwt.com
Email: rebeccafrancis@dwt.com

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on 26th day of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system and hereby certify that a copy was sent via electronic mail and mailed by United States Postal Service to the following non-CM/ECF participants:

Cortney M. Corbet
Clearwater Law Group
5205 W. Clearwater Ave.
Kennewick, WA 99336-1930
Email: cortney@clearwaterlawgrouptricities.com

Barry L. Kramer
Law Offices of Barry L. Kramer
9550 S. Eastern Avenue, Suite 253
Las Vegas, NV 89123
Email: kramerlaw@aol.com

*s/ Rebecca J. Francis*
Rebecca J. Francis, WSBA #41196

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: rebeccafrancis@dwt.com

ANSWER TO BRADFORD COMPLAINT
Case No. (4:19-cv-05076-SMJ) – 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax